UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

| | |
|---|---|
| NANCY HARRISON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 1:04-CV-318 |
| v. ) | |
| ) | Judge Curtis L. Collier |
| ) | |
| THE PANTRY, INCORPORATED AND ) | |
| THE PANTRY, INCORPORATED ) | |
| d/b/a , GOLDEN GALLON #3596 ) | |
| ) | |
| Defendant. ) | |

## **M E M O R A N D U M**

Before the Court is a motion for summary judgment filed by Defendant The Pantry, Inc. d/b/a, Golden Gallon ("Defendant") (Court File No. 13). Defendant has filed a memorandum in support of its motion and a variety of supporting documents (Court File No. 13, Exh. 1-5), and Plaintiff Nancy Harrison ("Plaintiff") has submitted a response, a supporting affidavit (Court File No. 19, Exh. 1-2) and a memorandum in opposition to Defendant's motion (Court File No. 20). Defendant filed a reply (Court File No. 21) and a supplemental memorandum of law in support of its reply (Court File No. 21, Exh. 1). For the following reasons, the Court will **GRANT** Defendant's motion for summary judgment (Court File No. 13).

**I.    STANDARD OF REVIEW**

Summary judgment is proper where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to

any material fact and the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). Initially, the burden is on the moving party to conclusively show no genuine issue of material fact exists, *Leary v. Daeschner*, 349 F.3d 888, 897 (6th Cir. 2003), and the Court must view the evidence and draw all reasonable inferences therefrom in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587-88, 106 S. Ct. 1348, 1356, 89 L. Ed. 2d 538 (1986). However, the nonmoving party is not entitled to a trial merely on the basis of allegations, but must come forward with some significant probative evidence to support its claim. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324, 106 S. Ct. 2548, 2553, 91 L. Ed. 2d 265 (1986). If the nonmoving party fails to make a sufficient showing on an essential element of its case with respect to which it has the burden of proof, the moving party is entitled to summary judgment. *Id.* at 323, 106 S.Ct. at 2552.

The Court determines whether sufficient evidence has been presented to make the issue of fact a proper jury question, but does not weigh the evidence, judge the credibility of witnesses, or determine the truth of the matter. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249, 106 S. Ct. 2505, 2511, 91 L. Ed. 2d 202 (1986); *Weaver v. Shadoan*, 340 F.3d 398, 405 (6th Cir. 2003). The standard for summary judgment mirrors the standard for directed verdict. *Anderson*, 477 U.S. at 250, 106 S. Ct. at 2511. The Court must decide "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Id.* at 251-52, 106 S. Ct. at 2512. There must be some probative evidence from which the jury could reasonably find for the nonmoving party. If the Court concludes a fair-minded jury could not return a verdict in favor of the nonmoving party based on the evidence presented, it may enter a summary judgment. *Id.*; *Lansing Dairy, Inc. v. Espy*, 39 F.3d 1339, 1347 (6th Cir.

1994).

## II. RELEVANT FACTS

On Tuesday, October 21, 2003, between 11:30 a.m. and 12:00 p.m. Plaintiff entered Defendant's Golden Gallon Store #3569 in Dayton, Tennessee to purchase one gallon of milk (Court File No. 10, Exh. 5, Deposition of Nancy J. Harrison ("Harrison Depo.") pp. 59- 60). Defendant had placed a six-feet long, four-feet wide mat with a rubberized bottom, covered in industrial-grade carpet, just inside the store's entrance (Court File No. 10, Exh. 4, Affidavit of Debra Smith ("Smith Aff.") ¶¶ 8-9). Defendant used these mats to allow customers to wipe off their feet during inclement weather, and contracted with a third party to provide clean mats each Tuesday (Smith Aff. ¶¶ 7, 11). Defendant did not affix the mats to the floor (Court File No. 14, Exh. 2, Deposition of Debra Smith ("Smith Depo.") pp. 32-33). The mat lay flat and flush to the ground as Plaintiff entered the convenience store (Harrison Depo. at 64). Plaintiff walked across the mat on her way into the store, retrieved her milk, waited in line behind three or four people for one or two minutes, paid for her milk, and attempted to exit the store with her purchase (Harrison Depo. at 59-60). While attempting to exit, Plaintiff tripped on a six-inch, folded-over portion of the floor mat and sustained injuries (*Id*. at 62– 64, 66).

## III. DISCUSSION

### A. Negligence

Plaintiff claims Defendant was negligent in placing and not properly maintaining a floor mat in its store, and Defendant knew or should have known of the dangerous condition of the floor mat,

3

resulting in her injury. In order to recover on her claim of negligence in this case, Plaintiff must prove (1) Defendant owed her a duty of care; (2) Defendant's conduct fell below the applicable standard of care and amounted to a breach of its duty; (3) Plaintiff suffered an injury; (4) Defendant's conduct was the cause-in-fact of her injury; and (5) Defendant's conduct was the proximate or legal cause of her injury. *Coln v. City of Savannah*, 966 S.W.2d 34, 39 (Tenn. 1998), *overruled in part on other grounds by Cross v. City of Memphis*, 20 S.W.3d 642, 644-45 (Tenn. 2000). If Plaintiff fails to demonstrate any one of the elements necessary to her claim, the Court must grant summary judgment for Defendant. *Byrd v. Hall*, 847 S.W.2d 208, 212-13 (Tenn. 1993) (finding "the inability to prove an essential element of a claim necessarily renders all other facts immaterial"); *Mangum v. Golden Gallon Corp.*, 1999 WL 114221 (Tenn. Ct. App. 1999) (finding "[a] party may obtain a summary judgment by demonstrating that the nonmoving party will be unable to prove an essential element of its case").

### B.  Plaintiff's Theory of Premises Liability Negligence

Premises liability cases such as this one involve particular issues with regard to the duty a proprietor owes to a customer. "Business proprietors are not insurers of their patrons' safety. However, they are required to use due care under all the circumstances." *Blair v. West Town Mall*, 130 S.W.3d 761, 764 (Tenn. 2004) (*citing Martin v. Washmaster Auto Ctr., U.S.A*, 946 S.W.2d 314, 318 (Tenn. Ct. App. 1996); *see also Hudson v. Gaitan,* 675 S.W.2d 699, 703 (Tenn. 1984) (the owner or possessor of premises owes a general duty to its customers to exercise reasonable care to make the premises safe). More specifically, the owner or possessor of a business property has a duty to maintain the premises in a reasonably safe condition and remove or to warn customers of any dangerous condition that the owner knows or should reasonably know about. *See Coln,* 966 S.W.2d

4

at 43; *Eaton v. McLain*, 891 S.W.2d 587, 593-94 (Tenn. 1994); *Smith v. Inman Realty Co.*, 846 S.W.2d 819, 823 (Tenn. Ct. App. 1992). This duty is based upon the owner's superior knowledge of the condition of the premises. *Blair*, 130 S.W.3d at 764; *McCormick v. Waters*, 594 S.W.2d 385, 387 (Tenn. 1980).

### 1. Dangerous Condition

The Court's first inquiry, then, is whether the alleged dangerous condition here, the floor mat, qualifies as a dangerous condition such that, if an owner were on notice, he would have a duty to remove or warn customers about it.

Under Tennessee law, a business owner must maintain floor mats used in its store in a reasonably safe manner, but "[p]lacing a mat at the entrance of a business establishment does not create a dangerous condition as a matter of law." *Mangum*, 1999 WL 114221 at *3. Floor mats are ubiquitous in retail establishments like the one in this case, and Plaintiff has presented no evidence this mat was inherently dangerous. *See id.* However, the Tennessee Court of Appeals has held "an improperly maintained mat could be a dangerous condition that could expose the owner or possessor of the premises to liability." *Id.* at *4. The court also held a plaintiff "cannot succeed without proof that the [store's] employees did not properly maintain the floor mat and that the floor mat was in a dangerous condition when he entered the market." *Id.*

Defendant presents the testimony of Debra Smith, who was the manager of Defendant's store on the day in question, to demonstrate the floor mats were properly maintained and the mat in use the day Plaintiff fell was in good condition (Smith Aff. ¶ 12). Smith states in her deposition she only accepted clean mats from the supplier, rejected mats which were not in good condition, and trained employees to maintain the mats flat and flush to the ground (Smith Depo. at 37-41). Plaintiff laments the inadequateness of Defendant's floor mats throughout her brief, stating repeatedly the

Defendant knew its floors mats could fold over, but offers no proof through affidavit or deposition to prove the floor mat on the day of Plaintiff's fall was in poor condition, or any other floor mat ever used in the store was in poor condition. Thus, on the evidence before the Court, Defendant maintained its floor mats in a reasonably safe manner, and the floor mat did not constitute a dangerous condition.

Because the Court finds Plaintiff has not shown the alleged dangerous condition here, the floor mat, is actually a "dangerous condition" under the law that gives rise to a special duty, the Court must also find Defendant had no duty to remove or warn Plaintiff about it. *See Coln,* 966 S.W.2d at 43.

### IV. <u>CONCLUSION</u>

Because Plaintiff cannot prove Defendant owed a duty to her with relation to the floor mat she alleges caused her injury, an essential element on which she bears the burden of proof, she cannot overcome Defendant's motion for summary judgment. *See Celotex,* 477 U.S. at 323, 106 S.Ct. at 2552. For the reasons stated above, the Court will **GRANT** Defendant's Motion for Summary Judgment (Court File No. 13).

An Order shall enter.

                               **/s/**
                    **CURTIS L. COLLIER**
          **UNITED STATES DISTRICT JUDGE**